Matter of McCormack (2018 NY Slip Op 03733)





Matter of McCormack


2018 NY Slip Op 03733


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6570 File 5053/82D

[*1]In re Ann C. McCormack, by her Special Guardian and Attorney-in-Fact Carol Bamonte, concerning the Estate of Kathleen Durst, Absentee and Alleged Deceased.
Carol M. Bamonte, etc., Petitioner-Appellant,
v
Robert Durst, Nonparty Respondent.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara Wolf & Carone, LLP, New York (Robert Abrams of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Joshua A. Seigel of counsel), for respondent.
Davidoff Hutcher & Citron LLP, New York (Charles Capetanakis of counsel), for Charles Capetanakis, guardian ad litem for Kathleen Durst.



Order, Surrogate's Court, New York County (Nora S. Anderson, J.), entered on or about March 24, 2017, which, inter alia, denied petitioner's order to show cause seeking removal of the guardian ad litem, striking his report and staying the proceeding pending such determination, and determined the absentee's date of death to be January 31, 1987, unanimously modified, on the law, to determine absentee's date of death to be January 31, 1982 and, as so modified, affirmed, without costs.
This petition was brought by the estate of the mother of the absentee, Kathleen Durst (Kathleen), to declare her dead and determine her date of death.
The Surrogate's Court erred in finding that Kathleen died on January 31, 1987, the statutory default date under the applicable version of EPTL 2-1.7. Clear and convincing evidence established that the date of Kathleen's disappearance was the most probable date of death under EPTL 2-1.7(a).
Petitioner submitted evidence that Kathleen disappeared without explanation, and without her car and personal effects, on January 31, 1982. Kathleen has not been seen or heard from since that date. Kathleen's sisters submit affidavits in which they recite that they were close with her, and communicated with her several times a month, prior to her disappearance. They state that it is inconceivable that Kathleen would abruptly cease all communication with family and friends. Kathleen was also a medical student at Mt. Sinai Medical School at the time of her disappearance. She was two months away from graduation. According to her family it was Kathleen's dream to become a doctor and it would be incomprehensible that she would walk away from her studies when she was so close to her goal. Respondent Robert Durst has not submitted an affidavit refuting or explaining this evidence.
We find that this evidence is sufficient to establish a "high[] probab[ility]" that Kathleen died on the date of her disappearance (Matter of Philip, 50 AD3d 81, 83 [1st Dept 2008]).
The guardian ad litem's report (GAL), which is cited by Surrogate's Court in its decision, determined that lower court precedent was persuasive in finding that the statutory default period for determining death after disappearance under EPTL 2-1.7 should apply to this case. This lower court precedent is not on point, at least insofar as it concerns setting an earlier date of death [*2]pursuant to EPTL 2-1.7(a). In three cases cited by the GAL the petitioners sought the statutory default date of death, and not any earlier date (e.g. Matter of Ferguson, 2014 NYLJ LEXIS 3908 [Sur Ct, Bronx County 2014]; Matter of Putterman, 38 Misc 3d 1219[A], 2013 NY Slip Op 50157[U] [Sur Ct, Nassau County 2013]; Matter of Emile, 2010 WL 5553306, 2010 NY Misc LEXIS 6449 [Sur Ct, Nassau County 2010]). Matter of Diaz (4 Misc 3d 1027[A], 2004 NY Slip Op 51083[U] [Sur Ct, Nassau County 2004]), incorrectly cited by the GAL as Matter of Gartner, is decided under EPTL 2-1.7(b), a section we need not consider here given our holding under EPTL 2-1.7(a).[FN1]
In light of the above conclusions we need not reach the other issues on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK



Footnotes

Footnote 1:The GAL distinguished Matter of Cosentino (177 Misc 2d 629 [Sur Ct, Bronx County 1998]), which set a date of death earlier than the default date, as animated by equitable principles. In Cosentino, the court determined an earlier date of death where there was evidence that decedent's family would otherwise not qualify for certain benefits. The GAL also cited Matter of Klein (2015 NYLJ Lexis 5843 [Sur Ct, Suffolk County 2015]) without distinguishing that case.